**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

FREEDOM SCIENTIFIC, INC.,
a Delaware Corporation,

Case No. 8:14 cv 1514 T 30 EAJ

Plaintiff,

v.

HIMS, INC.,
a Texas Corporation,

Defendant.

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, FREEDOM SCIENTIFIC, INC., by and through its undersigned attorneys, alleges, upon information and belief, as follows:

**THE PARTIES**

1. Plaintiff, FREEDOM SCIENTIFIC, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Florida, and having an office at 11800 31st Court N., St. Petersburg, FL 33716.

2. Defendant, HIMS, INC., is a corporation incorporated under the laws of the State of Texas, having its principal place of business at 4616 West Howard Lane, Suite 960, Austin, Texas 78728-6300.

3. This action has arisen under the patent laws of the United States, Title 35 U.S.C. § 271 *et seq.*

TPA - 24212 $400

4. Jurisdiction of this action arises under 28 U.S.C. § 1338(a). Venue is predicated under 28 U.S.C. § 1391(c).

## COUNT I

5. On September 11, 2012, United States Patent Number 8,264,598 (hereinafter '598 Patent) entitled "Multiposition Handheld Electronic Magnifier" was duly and regularly issued to Plaintiff, as assignee of the inventors, a copy of the aforesaid patent being attached hereto as Exhibit "A."

6. Plaintiff is now and has been at all times since the date of issuance of '598 Patent the owner thereof.

7. Upon information and belief, Defendant has infringed one or more claims of the '598 Patent by, *inter alia*, having made, used, sold, or offered for sale a line of handheld magnifiers known as the Candy 4 HD.

8. Defendant offers the Candy 4 HD products for sale in this judicial district.

9. The referenced infringement is willful and deliberate. The infringement has deprived Plaintiff of sales which it otherwise would have made and has in other respects injured Plaintiff and will cause Plaintiff added injury and loss of profits unless enjoined by this Court.

10. Plaintiff has been damaged by the acts of infringement complained of herein.

11. Plaintiff has no adequate remedy without the intervention of this Court.

12. This case is "exceptional" within the meaning of 35 U.S.C § 285.

WHEREFORE, Plaintiff prays that:

A. An injunction be granted preliminarily and permanently restraining Defendant and all those in privity with it from further infringement of the '598 Patent.

4841-7033-0907.1

B. Defendant be required to account to Plaintiff for the damages recoverable by Plaintiff under 35 U.S.C. § 284 as a result of the wrongful making, using, and selling of Plaintiff's invention as claimed in Plaintiff's '598 Patent, the exact extent of which cannot now be determined by Plaintiff, and that all of such damages be trebled.

C. Plaintiff be awarded reasonable attorney fees;

D. Plaintiff be allowed its costs; and

E. Such other and further relief be granted to which Plaintiff may be justly entitled.

### JURY DEMAND

Plaintiff demands a trial by jury.

_____
Christopher L. Griffin (FBN 0273147)
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
(813) 299-2300
(813) 221-4210 Facsimile
Primary e-mail: cgriffin@foley.com
Secondary e-mail: lmiranda@foley.com